CATHARINE FRANCK v. LOUIS WIEGERT.

*Defense of possession by contract purchaser—Evidence—Denial of specific performance.*

> A man entered upon land and put up a shanty, claiming the right to do so under a contract of purchase. The owner, however, aided by his wife, tore down the shanty and forcibly ejected the intruder who seems to have used force also in defending his possession, and afterward had the woman and her husband arrested. The woman then sued him for assault and battery, malicious prosecution and false imprisonment. Upon the trial plaintiff offered in evidence a decree refusing to defendant the specific performance of the contract, and it was excluded. *It seems* that it should have been admitted. But defendant's right to specific performance could not be litigated in this suit. And the woman could have no greater right as against defendant than her husband could, if the assault had been upon him.

Error to Wayne. (Speed, J.) Jan. 23.—April 29.

TRESPASS. Defendant brings error. Reversed.

*Henry M. Cheever* for appellant.

*W. B. Jackson* for appellee.

SHERWOOD, J. The plaintiff in this case alleges her cause of action against the defendant in three counts: (1) For an assault and battery; (2) for malicious prosecution; and (3) for false imprisonment. The plea is the general issue. The circumstances out of which the cause of action arose are these: John C. Franck, husband of the plaintiff, on the 15th day of January, 1880, by written contract, agreed to sell to the defendant a strip of land in the township of Ecorse, in the county of Wayne, for the sum of eighty dollars per acre, and which agreement was also to be a settlement of all suits then pending between the parties, whether " of a civil or criminal nature." Such agreement was to be fully carried out by the parties before the first day of September, 1880. Louis Wiegert tendered the money agreed to be paid for the land

within the time required for its payment to John C. Franck, and asked for a deed. The tender and deed were both refused, and between that time and the 16th day of October following, Wiegert, claiming the right to possession of the property contracted for, went with his wife and their son upon the premises purchased, erected a shanty upon the property, and claimed the ownership thereof, and the right to hold possession of the same under the contract and tender made. On or about the 17th of October John C. Franck and his wife, and others, under his direction, re-entered upon the premises, tore down the shanty, and forcibly dispossessed the defendant and her husband, and treated him as a trespasser and intruder upon the property. Thereupon he obtained a warrant for the arrest of plaintiff and her husband on the charge of riotously and unlawfully tearing down the building and destroying the defendant's property of the value of two hundred dollars. It is for the arrest and imprisonment under this warrant, and an assault and battery alleged to have been committed upon plaintiff by defendant with a pistol, when the attack was made upon the shanty, that this suit was brought.

There seems to have been no question made but that John C. Franck owned the property contracted to be conveyed and could have conveyed it, if he had desired; nor that the tender was insufficient. Neither does it appear any question was made upon the pleadings. The cause was tried before a jury and they found specially, upon questions submitted to them by the court on requests of defendant's counsel, the following facts: That John C. Franck gave the contract for the sale of the premises to Wiegert as claimed; that Wiegert made the tender as claimed to John C. Franck; that Wiegert did not take possession of the land purchased and build the shanty, believing he had the right so to do; that defendant Wiegert aimed a pistol at the plaintiff; and that he assaulted her with the intention of doing her bodily harm. Under the testimony and charge of the court, the jury gave their general verdict for the plaintiff on the first and second counts, and the court directed a verdict for defendant on the count

for false imprisonment. Defendant brings error. The direction of the verdict on the third count was right.

The right of the parties in this case must very much depend upon the terms and construction of the contract for the purchase of the land, entered into between John C. Franck and defendant. The plaintiff can claim nothing in the premises that her husband could not, had the assault complained of been committed upon him. There is no question made but that John C. Franck had peaceable possession of the property mentioned in the contract up to the time defendant entered. The contract gave the defendant no possession, or right to possession, until it had been fulfilled. The contract was only an agreement that John C. Franck would give defendant such possession at the time agreed, upon receiving from defendant payment of the amount stipulated as the price of the land. The contract itself was a settlement of the litigation between them. That part of the consideration had been received by plaintiff's husband. It does not appear that the defendant ever paid any money upon the contract, and so far as the contract shows, the amount therein stated was all the money consideration there was to be paid for the land. In no event could the right of the defendant to a specific performance of the contract be litigated in this suit. That could only be determined in a court of equity.

The testimony, however, showing or tending to show what construction, if any, the parties themselves had put upon the contract, or of the judgment of a court of competent jurisdiction upon the rights of the parties themselves relating to the question of possession of the premises, was competent upon the issue made. The defendant does not claim adversely to the Francks, but as entitled to the possession under them. If the defendant, at the time he entered into possession of the property, had the right to that possession, and he entered peaceably, such possession would be lawful, and neither the plaintiff nor her husband would have the right to forcibly put him out; and such would be the case even if defendant had no deed, if he was entitled to a specific performance of the contract. In this case it became a question who had the

right of possession at the time the assault was committed,—the defendant, or John C. Franck. The defendant had taken actual possession, and if his actual possession was fortified by the right thereto obtained by contract from John C. Franck, it is difficult to see under what rule of law he could be disturbed by the plaintiff. A deed from John C. Franck in such case could no more than confirm the right which already existed. It would not create the right, but only furnish the evidence of its existence, and a decree for a specific performance could do no more. Such a conveyance or such a decree, made at any time before the trial, would therefore be competent evidence if it would show the existence of the right in defendant at the time he made the entry; or if it would furnish a link in the chain of evidence tending to show that fact it would, in my judgment, be competent for that purpose. I understand such a decree was offered by defendant's counsel, and rejected by the court. This was error. I think, under the circumstances of this case, it should have been admitted for the reason stated.

The jury in this case found that the defendant did not take possession and build his shanty upon the land under a claim of right under the contract, believing he had a right so to do. But this finding is of little significance, so long as the judge charged them that the defendant had no right of possession in the premises; that "he was a mere squatter or intruder on the farm; that "the Francks undoubtedly had the right under the circumstances to go and use" the proper force to tear down the shanty and take it away; that "they might use so much force as was necessary for that purpose." He might as well have told the jury that the defendant was guilty of bad faith in the premises, and with the most reprehensible motives took the possession he claims to have done in good faith. I think that portion of the above charge excepted to was incorrect, and should not have been given.

What the jury would have said as to the defendant's right to the possession of the premises, under proper testimony and a proper charge, of course cannot be determined in this Court. But had the jury found that the defendant had the

right to the possession at the time the Francks dispossessed him, and tore down his shanty-house, under the circumstances as they now appear, there would not have been much left of the plaintiff's case under either count of her declaration. In such case the other questions raised upon the record would not be likely to recur, and I deem it unnecessary now to review them further. I think, however, the defendant's seventh and eighth requests[1] to find, might with much propriety have been submitted to the jury ; and it was the right of the defendant to have the jury polled, in accordance with the practice in such cases, when they rendered their verdict. The judgment should be reversed, and a new trial granted.

The decree proposed to be offered in evidence in this case for specific performance of the contract was reversed at the last term of this Court, on the ground that the description was imperfect. Ante, p. 200. This may or may not deprive the defendant from perfecting his rights intended to be secured under the contract. That question cannot, however, be now considered ; we are only called upon to pass upon the question raised upon this record.

CAMPBELL, J. concurred.

COOLEY, C. J. I concur in the result.

CHAMPLIN, J. The first and third counts of the plaintiff's declaration were for an assault and battery alleged to have been committed by defendant upon plaintiff ; and the second count is for malicious prosecution. To justify the assault and battery, defendant was permitted to prove that he held a contract executed by plaintiff's husband for a piece of land ; that he had tendered the contract price therefor, and demanded

---

[1] The seventh and eighth special questions which defendant asked to have submitted to the jury and which were excluded, were as follows:

7. Did not the plaintiff, Catherine Franck and her husband, John C. Franck, enter upon said strip of land with force and not in a peaceable manner and eject Wiegert therefrom?

8. Did not plaintiff and her husband commit the first assault upon defendant by violently tearing down his shanty, and did they not threaten him with grievous bodily harm?

a deed, which plaintiff's husband refused to execute; that he then, with the assistance of his son, went upon the land without the knowledge or consent of plaintiff's husband and built a shanty thereon; that he claimed a right to go on the land under the contract. The paper was offered and received in evidence to show that defendant went upon the land under a claim of right. After the contract was read in evidence defendant's counsel then offered the files and records of the circuit court for the county of Wayne, in chancery, wherein Louis Wiegert, the defendant, was complainant, and John C. Franck was defendant, to show that a decree had been entered for specific performance of the contract, which was excluded by the court. I think this ruling was correct. The bill of complaint was not filed in which the decree was entered until after the grievances alleged in the plaintiff's declaration had occurred, and it was therefore wholly irrelevant to the issue. It could form no basis of right or claim of right by defendant to the possession of the premises; and as matter of fact we know that an appeal was taken from that decree to this Court, where the decree was reversed and the bill dismissed on the ground that the contract was too uncertain and indefinite to sustain a decree for specific performance by a court of equity. I mention this simply to show that matters of this nature could have no relevancy to exculpate the defendant from assault and battery, alleged to have been committed on the plaintiff. It was sufficient to show that he had obtained peaceable possession under a claim of right, and, if it did not afford a complete justification for defending his possession, was admissible in mitigation of damages.

After the charge of the court the jury retired and returned a verdict that they found for the defendant on the last count, and for the plaintiff on the others for thirty dollars. Defendant's counsel then desired the clerk to poll the jury as to whether they found a joint verdict on both counts,—the count for malicious prosecution and the count for the assault. The clerk then directed the jury as he called their names to answer whether they found the defendant guilty of the sec-

ond count for the assault and for malicious prosecution. Defendant's counsel objected to that form of polling the jury. The court then directed the clerk to ask the jury, "Did you find the defendant guilty of the first and second counts of the plaintiff's declaration?" The clerk complied, and the jury answered, severally, "We do." This was also objected to by defendant's counsel. I can see no objection to polling the jury in the form adopted. It was essentially the same as if the clerk had entered the verdict and asked each juror, "Is this your verdict?" and taken his answer thereto.

Judgment was entered upon the verdict, and I think it should be affirmed.